United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 04-40514
Summary Calendar

———————————————

JERRY EARL WHITE, also known as Jerry Earl Grice

Plaintiff - Appellant

v.

BILLY GARCIA, MR REYNA

Defendants - Appellees

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:00-CV-137
---------------------

Before KING, Chief Judge, and JOLLY and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jerry Earl White, also known as Jerry Earl Grice, appeals
the grant of summary judgment in favor of defendants dismissing
his civil-rights complaint alleging Fourth Amendment violations.
White argues that the transcript of the trial held in state court
shows that the defendants' averments that he was arrested for
state-law violations before he was searched are lies.  He also
argues that the district court erred in dismissing his complaint
without considering his response to the summary-judgment motion.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The defendants' affidavits averred that White had been stopped and arrested for traffic violations before the search incident to the arrest revealed the cocaine. The affidavits submitted by the defendants met their burden as the moving party of establishing that there was no genuine issue of material fact. See Whren v. United States, 517 U.S. 806, 810 (1996); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Gustafson v. Florida, 414 U.S. 260, 266 (1973); United States v. Thomas, 120 F.3d 564, 573 (5th Cir. 1997). White's response to the summary-judgment motion did not create a genuine issue of material fact precluding summary judgment because he did not dispute that the defendants had pulled him over for a valid traffic stop, nor did it dispute the fact that the defendants had probable cause to arrest him for the traffic violations. See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Therefore, the district court was correct in granting the summary judgment motion.

Although in granting the summary-judgment motion, the district court initially overlooked White's response, after White's motion for relief from judgment, the district court considered White's response and appropriately concluded that White had not carried his burden to defeat the summary-judgment motion. The district court's judgment is AFFIRMED.